IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| THE CHARLES MACHINE WORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERMEER MANUFACTURING COMPANY, <br><br> Defendant. | Civil Action No. 3:11-cv-123 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, The Charles Machine Works, Inc. ("CMW"), for its complaint against Defendant, Vermeer Manufacturing Company ("Vermeer"), states and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the Patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. This action arises out of defendant Vermeer's making, using, selling, and/or offering for sale horizontal directional drilling ("HDD") rock drilling machines that infringe presumed valid patents (35 U.S.C. § 282) owned by CMW.

3. This action is similar in technology to a previous dispute between Vermeer and CMW in the late 1990s involving HDD equipment. The previous actions were styled *The Charles Machine Works, Inc. v. Vermeer Manufacturing Company, U.S. District Court, Southern District of Iowa, Case No. 4:03-CV-40437* and *Vermeer Manufacturing Company v. The Charles Machine Works, Inc., U.S. District Court,*

*Southern District of Iowa, Case No. 4-98-CV-80352*. The Honorable Judge Wolle presided over those cases.

## THE PARTIES

4. Plaintiff, CMW, is an Oklahoma Corporation with its principal place of business in Perry, Oklahoma. CMW is in the business of manufacturing, marketing, and selling underground construction equipment.

5. Defendant, Vermeer, is an Iowa Corporation with its principal place of business in Pella, Iowa. Vermeer is similarly in the business of manufacturing, marketing, and selling underground construction equipment.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.* The Court has original subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. § 1391 (a), (b), and (c), and/or § 1400(b).

## PLAINTIFF AND ITS RIGHTS

8. On February 13, 1996, the PTO issued U.S. Patent No. 5,490,569 ("the '569 Patent"), entitled *Directional Boring Head with Deflection Shoe and Method of Boring.* CMW is the assignee of the '569 Patent and owned the patent throughout the period of the defendant's infringing acts and still owns the patent, a true and correct copy of which is attached hereto as Exhibit 1.

**DEFENDANT AND ITS UNLAWFUL ACTIVITIES**

9. On information and belief, defendant is presently making, using, selling, and/or offering to sell an HDD rock drilling machine, the D36x50DR Series II Navigator, which directly infringes one or more claims of the '569 Patent.

10. On information and belief, defendant is knowingly selling or offering for sale the D36x50DR Series II Navigator knowing that it has no substantial noninfringing use, thereby contributing to the direct infringement by others of one or more claims of the '569 Patent.

11. On information and belief, defendant is actively and knowingly aiding and abetting infringement of the '569 Patent with knowledge thereof, by *inter alia,* designing and selling the D36x50DR Series II Navigator machine, thereby actively inducing infringement by others of one or more claims of the '569 Patent.

**COUNT I**
**(Patent Infringement of U.S. Patent No. 5,490,569)**

12. The allegations contained in Paragraph Nos. 1-11 are incorporated herein by reference.

13. Defendant has infringed and is still infringing one or more claims of the '569 Patent by manufacturing, using, selling, and/or offering for sale the D36x50DR Series II Navigator that embodies the patented invention, and the defendant will continue to do so unless enjoined by this Court.

14. By infringing one or more claims of the '569 Patent, defendant has unfairly reaped a substantial commercial advantage and savings in research and development time and cost, all to CMW's detriment.

15. Defendant's acts of infringement of the '569 Patent are willful.

16. CMW has complied with the statutory requirement of placing a notice of the Letters Patent on all inventions embodying the '569 Patent it manufactures and sells.

17. CMW has been, and will continue to be, damaged by such infringement in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of defendant have irreparably damaged, and will continue to damage, CMW's business, market, reputation, and goodwill.  Such irreparable damage will continue unless the acts of defendant are enjoined during the pendency of this action and thereafter. CMW is, therefore, entitled to the remedies provided by 35 U.S.C. § 281 and §§ 283-285.

## **PRAYER FOR RELIEF**

WHEREFORE, CMW prays for judgment that:

1. Defendant and its officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any claim of the '569 Patent.

2. Defendant be ordered to pay CMW such damages as CMW has sustained and adequate to compensate for the patent infringement, including CMW's lost profits, but in no event less than a reasonable royalty, as provided by 35 U.S.C. §284.

3. Defendant's infringement of the '569 Patent be found to have been willfully committed and that the damages be increased to three times the amount assessed, as provided by 35 U.S.C. § 284.

4. Defendant be ordered to pay CMW the costs of this action and its reasonable attorney's fees, and interest, as provided by 35 U.S.C. §§ 284 and 285.

5. Defendant be ordered to pay CMW's prejudgment interest on all sums awarded as allowed by law.

6. Plaintiff have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38.1, Plaintiff CMW hereby demands a trial by jury on all issues triable of right by jury in this action.

Respectfully submitted,

/s/ Jeffrey D. Harty
Edmund J. Sease
Jeffrey D. Harty
801 Grand Avenue, Suite 3200
Des Moines, Iowa 50309-2721
Telephone: 515-288-3667
Facsimile: 515-288-1338
E-mail: ed.sease@ipmvs.com
E-mail: jeff.harty@ipmvs.com
Email: mvslit@ipmvs.com

**Of Counsel:**

Robert D. Tomlinson
Lawrence F. Grable
TOMLINSON & O'CONNELL, P.C.
211 N. Robinson Ave., Suite 450
Oklahoma City, OK  73102
Phone:  (405) 606-3350
Fax:  (866) 633-3350
Email:  bobt@tomlinsonoconnell.com
Email: lawrenceg@tomlinsonoconnell.com

*Attorneys for Plaintiff, The Charles Machine Works, Inc.*