IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

THE CHARLES MACHINE WORKS, INC.,

                                       No. 4-11-cv-507-CRW-CFB

           Plaintiff,

   vs.

                                  ORDER GRANTING SUMMARY
                                  JUDGMENT FOR DEFENDANT

VERMEER MANUFACTURING CO.,

           Defendant.

       At issue in this patent case is U.S. Patent No. 5,490, 569 (the '569 patent) owned

by the plaintiff The Charles Machine Works, Inc. (CMW) that was issued on February 13, 1996,

with thirty-one claims.  The patent teaches an apparatus and method for boring a hole with

directional control using a two-pipe drill string and mounted deflection shoe.

       CMW contends that defendant Vermeer Manufacturing Company (Vermeer) has

designed or actually begun sale in commerce of several versions of rock-drilling machines (in

particular, Vermeer's D36 x 50 CR machine) that infringe claims of the '569 patent.  Vermeer

denies that its boring machines infringe and contends the patent claims are invalid by reason of

prior art and obviousness.

       On June 1, 2012, the court held a half-day hearing to receive arguments of counsel

on claim construction and three motions for summary judgment.  For the reasons here set forth,

the court construes the claims of the '569 Patent, then grants Vermeer's motion for summary

judgment of non-infringement.  In light of the claim construction, facts not in dispute prove the

1

Vermeer boring products do not infringe. The CMW '569 patent may be invalid as obvious and anticipated from prior art, including references to U.S. and foreign patents and publications.  But the court denies as moot the Vermeer invalidity arguments and the CMW motion for partial summary judgment concerning several affirmative equitable defenses pleaded by Vermeer.

Procedural Background.  The court held a full-day hearing on November 18, 2011, about six weeks after CMW filed its complaint, to issue a preliminary Markman claim construction ruling and to consider whether to issue a preliminary injunction against Vermeer. The court at that early stage found CMW's preliminary claim construction more persuasive than Vermeer's; but the court denied CMW's preliminary injunction request.  The court made plain that a final claim construction decision would be made only after completion of discovery. Thereafter, the parties completed discovery.

The court held a hearing on April 6, 2012,  to address final claim construction proposals from both sides and the initial partial summary judgment motion filed by CMW.  But after that hearing the court entered an order (Docket #147) stating that a subsequent hearing was necessary so the competing claim construction arguments could target the specific issues raised by Vermeer's motions for summary judgment.  Both parties have filed very helpful proposed claim construction and summary judgment rulings, but Vermeer's is far more persuasive.

Summary Judgment Principles.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56 (a).   "In applying this standard "[t]he evidence  of the non-movant is to be believed, and all justifiable inferences are to be drawn in the [non-movant's] favor.  Cross Medical Prod., Inc. v.  Medtronic Sofamor Danek, Inc., 424 F.3d

1293, 1302 (Fed. Cir. 2005)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.

Ct. 2505, ,91 L.Ed. 2d (1986)).  <u>See also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475

U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(on motion for summary judgment, the

court views the evidence and any disputed factual issues in the light most favorable to the party

opposing the motion).  The court may not weigh the evidence nor make credibility

determinations when evidence is in conflict.  The court only determines whether there are any

disputed issues, and , if so, whether those issues are both genuine and material.  <u>See</u> <u>Anderson</u>,

477 U.S. at 252.  But summary judgment is improper "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  <u>See</u> <u>id.</u> at 248.

   <u>Vermeer's motion for summary judgment of non-infringement</u>.  An infringement

analysis entails two steps.  The first step is determining the meaning and scope of the patent

claims asserted to be infringed.  The second step is comparing the properly construed claims to

the device accused of infringing.  <u>See</u> <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 976

(Fed. Cir. 1995)(en banc).  Claim construction is a question of law.  <u>See</u> <u>Cybor Corp. v. FAS</u>

<u>Techs., Inc.</u>, 138 F.3d 1448, 1456 (Fed .Cir. 1998)(en banc).  Infringement, both literal and under

the doctrine of equivalents, is a question of fact.  <u>See</u> <u>Instituform Tools, Inc. v. Cat Contracting,</u>

<u>Inc.</u>, 161 F.3d 688, 692 (Fed. Cir. 1998).

   So the court now takes the first step; final claim construction on the '569 patent.

The ordinary and customary meaning of the disputed claim language as seen in the context of the

patent claims and specification should ordinarily control.  <u>See</u> <u>Phillips v. AWH Corps.</u>, 415 F.3d

1303, 1312 (Fed. Cir. 2005).  Words of a claim "are generally given their ordinary and customary

meaning" as understood by a person of ordinary skill in the art.  <u>Id.</u> at 1312-13.  "The context in

which a term is used in the asserted claim can be highly instructive." Id. at 1315.

The Court's Construction of the '569 Patent Claims.   Several '569 patent terms are here in dispute: "mounted on," deflection shoe," "thereon," "at the forward end," "while continuing rotation of," and "signal beacon."   The parties agree who is deemed a person of ordinary skill concerning the '569 patent.   That person is one with an engineering degree having training in design and manufacturing for horizontal directional drills, understanding the operation of horizontal directional drills, and having the basic knowledge of materials and how they may be formed and assembled for use in horizontal directional drilling.   A mechanical or agricultural engineer with a Bachelor of Science degree, or other appropriate engineering discipline from an accredited institution that includes a study of mechanics and materials and experience in the field of horizontal directional drilling, would typically be such a person with ordinary skill in the art of boring machines.   Other persons with ordinary skill in this art would be persons with knowledge of mechanics and materials involving mechanical arts or manufacturing and assembling techniques and a few years of experience in the field of horizontal directional drilling.

"Mounted on." CMW asks the court to define "mounted on" as "positioned for use."   The court rejects that proposed construction.   The plain and ordinary meaning of "mounted on" is, as Vermeer argues, that one object is attached to a different, distinct object in some way. Nothing withing the language of the patent suggests that "mounted on" would be interpreted in any other way.   When the '569 patent says "a deflection shoe mounted on a first side of the body"(Col. 6, line 3), this means that the deflection shoe must be an object distinct from the body to which it is attached.   The court defines "mounted on" within the patent as "attached to."

"Deflection shoe."   CMW seeks to define deflection shoe as a "structure at least a

4

portion of which lies outside of the cutting circle of the drill bit to defect the boring apparatus from a linear path." The '569 patent's own language, however, points out that the deflection shoe is "removable" (col. 2, line 60), that the casing as made "permits replacement of the deflection shoe" (col. 2, line 62), that the deflection shoe can be installed in a "different configuration for a particular boring operation" (col 2, line 64), and that the deflection shoe can be "bolted to the body" (col. 7, line 22). In light of this language, CMW's definition is too broad. The correct definition of "deflection shoe" must provide that it is distinct from the casing or body of the apparatus and can be attached to it. In addition, the language "outside of the cutting circle of the drill bit" is unclear and difficult to construe, because the body or casing is in the shape of a curved cylinder. This language in the patent need not be specially defined. The fact that the deflection shoe must be defined as a distinct object that can be attached to the side of the body or casing is sufficient to show that it will lie outside the body or casing (i.e., that it will lie outside what is the reasonable meaning of "cutting circle"). All of these desired elements are included in Vermeer's definition of deflection shoe, which the court accepts. Thus a deflection shoe is a "structure that can be attached to the side of the body or casing and that can be positioned to deflect the boring apparatus from a linear path."

      "<u>While continuing rotation of</u>." CMW contends that Vermeer has infringed claims 30 and 31 of the '569 patent, which describe a method of directional boring. With this method, a straight hole can be produced by rotating the drill bit simultaneously with the casing, and a curved hole can be produced by "stopping the rotation of the casing while continuing rotation of the drill stem" (col. 10, lines 26-27). The language is ambiguous as to whether this means the drill stem must be rotating continuously throughout this entire procedure or whether

the words "while continuing rotation of" merely mean the drill stem will be rotating as before while the casing will not (i.e., the drill stem is allowed to stop and then restart at any point during this procedure). Because these two claims describe a method of directional boring and not an improved technology that allows stopping and starting rotation of the casing while the drill stem continuously rotates, the language must be interpreted more broadly to encompass slight changes that neither add to nor subtract from the method. Stopping and then restarting the drill stem does not change how a hole is directionally bored; the method is the same. "While continuing rotation of" needs no special interpretation.

"Thereon," "at the forward end," "signal beacon," drill stem" and other claim terms. The claim language "thereon," "at the forward end," "signal beacon," "drill stem," and other terms in dispute and not discussed above have their plain and ordinary meanings, as proposed by Vermeer, and need not be clarified nor construed.

The court is well aware this construction of the '569 patent claims differs from its initial claim construction. Vermeer's proposed claim construction also changed following the preliminary injunction hearing and exchange of discovery information. The present summary judgment record, of course, is extensive and much more complete than the preliminary injunction record. Analysis of the issues now decided has been very challenging. Former California Supreme Court Justice Roger Traynor wrote" "[A judge] wrestles with the devil more than once to set forth a sound opinion that will be sufficient unto more than the day."[1]

With the '569 claims terms now defined, the court turns to the Vermeer motion

---

[1]Traynor, Some Open Questions on the Work of State Appellate Courts, 24 U. Chi. L. Rev. 211, 218 (1957).

for summary judgment of non-infringement.

      <u>Infringement– comparison of the '569 Claims with Vermeer's boring devices.</u>

Vermeer contends that its product does not infringe the '569 patent because it does not use a deflection shoe as that term is properly defined.  The court agrees.  Vermeer's apparatus for boring is a "bent sub," in which two sides of the body or casing are attached together to form a bend or elbow in the casing.  This is distinctly different from the deflection shoe used by CMW that is attached to the side of the body or casing described as "mounted on."

      The definition of "mounted on" is critical, essential in determining whether Vermeer's product uses a deflection shoe.  The Vermeer apparatus has no object distinct from the body that is "mounted on" the body; the body itself simply has a bent shape.  The correct construction of deflection shoe is a "structure that can be attached to the side of the body or casing and that can be positioned to deflect the boring apparatus from a linear path."  Vermeer's products do not have such a structure.  They have no deflection shoe.  With no genuine issue of fact on that issue in this extensive summary judgment record, non-infringement is established as a matter of law.

      CMW also contends that Vermeer has infringed claims 30 and 31 of the '569 patent because its apparatus drills its hole using the same method of directional boring described in those claims.  While stopping and then restarting the drill stem is not a basis for finding Vermeer's products do not infringe, the words "the casing having a deflection shoe thereon" (col. 10, line 28) do render the Vermeer products noninfringing.  There is no literal infringement as a matter of law.  Every single one of the dependent claims of the '569 patent require that the apparatus have a mounted deflection shoe.

Also there is no infringement in this record under the doctrine of equivalents.   A bent sub is plainly different from and not the equivalent of the "deflection shoe" described over and over in the '569 patent that must be "mounted on" the apparatus, fully described with drawings in the patent itself.  This record does not establish that persons learned in the art would deem the bent sub and mounted shoe interchangeable.  See Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609 (1950).  None of Vermeer's products described in this summary judgment record infringes any of the claims in the '569 patent.

The court grants summary judgment of non-infringement in favor of Vermeer.

Patent Validity.  Vermeer also seeks summary judgment of invalidity due to obviousness of the '569 patent and anticipation based on prior art and published references. Obviousness can be an issue of law for the court; anticipation is usually an issue of fact for the jury.  The issued patent is entitled to a presumption of validity.

Because Verneer's iterations of its own bent sub boring apparatus do not infringe the '569 patent claims, the court deems Vermeer's invalidity contention to be moot.  Also moot is the CMW motion for partial summary judgment concerning Vermeer's equitable defenses.

The clerk of court shall enter summary judgment in favor of defendant Vermeer Manufacturing Co. and against plaintiff Charles Machine Works, Inc. with taxable costs assessed against the plaintiff.

IT IS SO ORDERED.

Dated this 21st day of June, 2012.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

8